# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| REGINALD BROWN, | : | Bankruptcy No. 04-30596DWS |
| | : | |
| Debtor. | : | |
| | : | |
| In re | : | Chapter 13 |
| | : | |
| TONYA CLARK, aka Tt, | : | Bankruptcy No. 04-35004DWS |
| aka TONYA BERGER-CLARK, | : | |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 4th day of May 2005, this Court having entered an Order on April 26, 2005 (the "April 26 Order") compelling Gerald Alston, Esquire ("Alston") to appear on May 3, 2005 to show cause why he should not be sanctioned for his failure to discharge his duty to his clients and as an officer of this Court in connection with hearings in the above-captioned cases;[1]

**And** the Court further stating that there would be no continuances of the show cause hearing and the Court would issue a bench warrant if necessary to compel his appearance thereby providing clear notice of the gravity of the matter;

---

[1] He failed to appear or notify his clients, opposing counsel or the Court of his intention not to appear on April 26, 2005. This is not the first time Alston has simply failed to appear on a show cause order. See Order dated September 7, 2004 in bankruptcy case no. 04-16236.

**And** notwithstanding the April 26 Order, Alston did not appear, nor contact the Court, opposing counsel or his clients who appeared again and stated that they were unable to reach him;

**And** the matters before the Court involving efforts by mortgage companies to foreclose on his clients' homes as to which he has left them unrepresented and vulnerable;

**And** pursuant to the April 26 Order, the Debtors indicating that they did not wish to continue to have Alston as their counsel and requested disgorgement of the fees he was paid;

**And** it being apparent that the case of Tanya Clark ("Clark") is up for dismissal on June 2, 2005 because of a failure to provide documents which she is attempting to handle on her own and her house is subject to sheriff sale as a result of the stay relief granted on March 22, 2005 when neither she nor Alston appeared;

**And** pursuant to the April 26 Order, counsel to Republic Bank filed a motion for sanctions to recover its costs of defending Clark's Motion to Reconsider Order Granting Relief from Stay at the hearing which Alston failed to attend and which was therefore continued until May 3;

It is hereby **ORDERED** that:

1. Alston is in civil contempt of the April 26 Order. Until he requests a hearing to appear before me to explain his misfeasance in these cases, the contempt shall continue. Until purged, he may not file any new bankruptcy case in this Court. Until relieved of this sanction, he shall advise potential clients that he is unable to file petitions.

2. The oral motion of Reginald Brown ("Brown") for reimbursement of legal fees paid in the amount of $1,000 is **GRANTED**.  As Brown's mortgage company is willing to work out a stipulation concerning repayment of post-petition arrears, that amount will be paid to Brown by **May 12, 2005** to facilitate the mortgage arrears problem that Alston failed to assist Brown with.

3. Clark's oral motion for reimbursement of legal fees paid in the amount of $1,100 is **GRANTED**.  As Clark is in need of immediate legal assistance, Alston will disgorge the $1,100 by **May 20, 2005**.

4. Republic's motion for sanctions is **GRANTED** in part.  An award of $500 representing the cost of counsel's two futile appearances is ordered to be paid by **June 3, 2005**.

5. Alston will certify each payment when made by filing an affidavit in the respective bankruptcy case.

6. Failure to make such payments when due and/or file petitions in violation of this Order will result in further sanctions on notice to him, including a continued bar on filing cases in this Court and the termination of his electronic filing password.

*Diane W. Sigmund* (signature)

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

cc:  Judge Thomas M. Twardowski
     Judge Bruce I. Fox
     Judge Stephen Raslavich
     Judge Kevin J. Carey
     Walter Stoertz, Acting Clerk

<u>Copies to</u>:

Gerald M. Alston, Esquire
125 South 9th Street
Suite 1001
Philadelphia, PA  19107

Tonya Clark
6257 Morton Street
Philadelphia, PA  19144

Reginald Brown
5510 Jane Street
Philadelphia, PA  19138

Leslie J. Carson, Jr., Esquire
6378 Lancaster Avenue
Philadelphia, PA  19151

Peter J. Mulcahy, Esquire
FEDERMAN& PHELAN LLP
1617 JFK Boulevard, Suite 1400
Philadelphia, PA  19107

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O.  Box 40119
Philadelphia, PA 19106-0119